## UNITED STATES STEEL PRODUCTS CO. v. IRVING BANK–COLUMBIA TRUST CO.

(Circuit Court of Appeals, Second Circuit. November 2, 1925.)

### No. 57.

Banks and banking ⟨⟩191—Refusal of payment of draft against letter of credit held warranted.

Where seller of goods, after receiving notice that revocable letter of credit would be extended, on condition that shipment be not made until in June, made shipment and presented draft in February, bank held warranted in refusing payment on ground that, as modified, letter of credit was conditioned on shipment during June.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States Steel Products Company against the Irving Bank-Columbia Trust Company. Judgment for defendant, and plaintiff brings error. Affirmed.

In May, 1920, plaintiff expected to sell, or had agreed to sell, to persons in Sao Paulo, Brazil, certain metal goods. The Brazilian vendees made some arrangements for getting credit in the United States sufficient to pay for the goods expected to be shipped therefrom and by plaintiff.

The exact nature of these arrangements does not appear, but it was proven that on or about May 26, 1920, defendant delivered to plaintiff a document of which the material parts are as follows:

Under the business heading of defendant, and over the date, the words are written, "Revocable export, Credit No. 35490." The letter then continues thus: "We are informed by [a Brazilian bank] that you will draw upon us at sight for account of [plaintiff's Brazilian vendees] to the extent of $6,950, covering [certain metal goods].

"Documents (complete sets unless otherwise stated, and of a character which will

meet with our approval) must comprise: Steamer bills of lading issued to order indorsed in blank. Invoice. Insurance certificates covering marine and war risk. All documents are to be surrendered to us upon payment. * * *

"Drafts must clearly specify the number of this credit and be presented at this bank on or before December 31, 1920.

"This letter is for your guidance in preparing documents, and conveys no engagement on the part of the bank, as we have no instructions to confirm the credit. Any amendment of the terms of the credit must be in writing over an authorized signature of this bank.

"No payment will be made unless the terms indicated herein are strictly observed. If impossible to comply with same, please communicate with us and/or the consignee before making shipment with a view to obtaining modification of the credit to conform to the terms of sale."

Plaintiff was thus fully advised that the credit was not confirmed, which meant that it was revocable or subject to modification at any time, and it was made equally plain that drafts must be presented to defendant on or before December 31, 1920.

On August 30, 1920, defendant wrote to plaintiff under the heading of the credit number, as follows: "Please take notice that, in accordance with instructions received from our correspondents at Sao Paulo, Brazil, we have extended the validity of the above credit until the 31st of March, 1921."

On November 26, 1920, under the same credit number, defendant wrote plaintiff: "Please be advised that, in accordance with instructions received from our correspondents, the above credit is extended to July 31, 1921, subject to condition that merchandise is not shipped before June. All other conditions remain as before."

On January 13, 1921, plaintiff wrote defendant, calling attention to the above correspondence and saying further: "The material for our customer is now manufactured and could therefore go forward under the terms of your letter of August 30th last, but in view of your later letter of November 26th we now inquire whether, in the event that we withhold the actual shipment of the goods until June, you will undertake to pay us for same when we present the documents thereafter prior to July 31st?"

To this defendant replied thus: "Kindly note that the above credit is unconfirmed, and therefore subject to cancellation and/or modification at any time. For this reason it is impossible to definitely inform you that your documents drawn in accordance with the terms of the credit will be honored on presentation."

Thereafter and in the earliest days of February, 1921, plaintiff presented what will be assumed as documents prepared under the credit and demanded payment for the goods covered by said documents. Defendant on February 7, 1921, wrote upon plaintiff's documents, or one of them, "Payment declined U. S. Steel Products Co. Reason, shipment to be made in June." Shortly thereafter, and before June, 1921, plaintiff brought this suit, and, complaint having been dismissed, procured this writ.

Kenneth B. Halstead and George Denneny, both of New York City, for plaintiff in error.

Breed, Abbott & Morgan, of New York City (Eugene W. Leake and Edward A. Craighill, Jr., both of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The complaint herein asserts as the basis of suit that "defendant issued to plaintiff its revocable export credit," viz. the document of which we have above given the material parts. The answer admitted the execution and delivery of the document, but denied the legal effect attributed to it by the complaint. This raised the issue whether defendant ever granted to plaintiff anything properly called a credit.

On this, which might have been the vital legal point of contest, we express no opinion, but assume that, whether properly called a "credit" of any kind or not, the document of May 26, 1920, evidenced an agreement on due consideration, by the bank, to pay for certain goods if their existence, price, and export were shown by the papers described, and such papers were offered by plaintiff to the bank on or before December 31, 1920.

We also assume, but not find, that the papers submitted by plaintiff in February, 1921, were in proper order, and such as would have been accepted and paid for, had there been no change in the terms of agreement.

But the agreement admitted was confessedly revocable; it could be terminated or modified at the will of some one. That some one was in our judgment plainly the Brazilian bank, at whose instance defendant

communicated with plaintiff on May 26, 1920. But for purposes of argument we will assume that the power of revoking or modifying was in defendant, as substantially asserted in the complaint.

With all those assumptions made, it is first observable that there never was but one contract agreement or promise. It was that agreement that was first modified by extending its life until March 31, 1921; and it was the same agreement, and none other, that was again extended to July 31, but with the condition added that no exportation should occur until the following June.

It was by hypothesis competent for defendant to terminate the agreement when and as it pleased; the greater includes the less, and therefore it was equally competent for defendant to annex conditions.

But whatever defendant did, whatever remained after modification made, was the *only* agreement or contract in existence between these parties at any given time.

Plaintiff can only recover on a construction of the writings above set forth, which would permit export and require payment at any time until March 31st; then would come two months when no payment could be exacted, and then the promise would, so to speak, revive for the month of June.

This construction seems to us impossible on the plain reading of the words used. We may add that other correspondence in evidence makes it a fair inference that the Brazilian vendees of plaintiff had concluded that they did not want the goods until June; hence the last change in arrangements. We place decision, however, on the reading of the documents above set forth, and affirm the judgment, with costs.